## UNITED STATES v. 48.521 ACRES OF LAND IN WARD OF PALMAS, MUNICIPALITY OF CATANO, PUERTO RICO, et al.

### Civ. No. 3756.

United States District Court
D. Puerto Rico, San Juan Division.

June 2, 1949.

R. Castro Fernandez, Asst. U. S. Attorney, San Juan, Puerto Rico, for plaintiff.

Sergio G. Gelpi, San Juan, Puerto Rico, for defendant.

CHAVEZ, District Judge.

This cause comes before the Court upon a petition for annulment of decree and re-opening of case. The petition was filed by Rafael Perez Mercado on December 20, 1948.

The proceedings in this cause as disclosed by the record are as follows:

On October 6, 1943, the United States of America filed condemnation proceedings to condemn among other tracts of land the following estates:

(a) a fee simple title to the lands described as Tract No. 3 in the petition for condemnation;

(b) a perpetual easement over and upon the lands described as Tracts No. 9 and No. 10 in said condemnation petition.

On October 6, 1943, the Court upon the motion for judgment on the declaration of taking, for an order to surrender possession and for recordation of title, rendered judgment vesting in the United States of America with (1) the full fee simple title to the lands described as Tracts No. 1 through No. 5, including all improvements thereon and appurtenances thereto, subject, however, to existing easements for public roads and highways, for public utilities, for railroads, and for pipe lines; and

(2) a perpetual easement for a spoil bank over and upon the lands described in Tracts No. 6 through No. 12. Said lands are situated in the Ward of Palmas, Municipality of Catano, Puerto Rico and contain a total area of 48.521 acres, more or less.

Petitioner Rafael Perez Mercado is the owner of a larger tract of land which includes Tracts 3, 9 and 10. He acquired the fee simple title from Ana Maria Sugar Company, a defendant in the condemnation proceedings on October 14, 1946.

On October 16, 1946, Ana Maria Sugar Company, Encarnacion Cobian vda. de Valdes, Ramon, Alfonso, Ana Maria, Josefina and Sabino Valdes Cobian, by their attorney, executed a stipulation with the United States of America accepting $3.00 as full compensation for the estates taken to wit: Tracts 3, 9 and 10. On the same day the Court approved the stipulation and adjudged and decreed that the amount of $3.00 represented full satisfaction of and just compensation for the property condemned from said defendants and ordered the Clerk of the Court to disburse said amount of $3.00 to the order of the Ana Maria Sugar Company in full satisfaction

of Tract No. 3 and for the easements taken under Tracts 9 and 10.

On April 23, 1947, the Court entered judgment determining that fair compensation for the lands and perpetual easements had been agreed upon and that $3.00 was just compensation for tracts #3 and the easements under Tracts 9 and 10.

On November 26, 1947, the Ana Maria Sugar Company, Encarnacion Cobian vda. de Valdes, and Ramon, Alfonso, Ana Maria, Josefina and Sabino Valdes Cobian, filed a motion setting out and giving notice to the United States that the true owner of Tracts 3, 9 and 10, since October 1946 was Rafael Perez Mercado, and that the check made out to Ana Maria Sugar Company, et al., predecessors in title, should be cancelled. This motion was denied by the Court on December 6, 1946.

Thus the factual situation is as follows:

Stipulation accepting $3.00 as full and just compensation filed October 16, 1946. (May Term 1946.)

Order approving stipulation and adjudging, ordering and decreeing that $3.00 represents full compensation, October 14, 1946. (May Term 1946)

Motion alleging that a mistake had been made as to the ownership and tendering check for $3.00, November 26, 1946. (November Term 1946.)

Order for return of tender entered after hearing December 6, 1946. (November Term 1946)

Decision and judgment on all of the tracts filed April 23, 1947. (November Term 1946.)

Petition for annulment of decree and re-opening of case filed December 20, 1948 (November Term 1948.)

Ana Maria Sugar Company, Encarnacion Cobian vda. de Valdes, Ramon, Alfonso, Ana Maria, Josefina and Sabino Valdes Cobian, admit that the condemnation petition, judgment on the declaration of taking and summons in this case was served on them on October 18, 1943.

The petitioner herein Rafael Perez Mercado acquired the property on October 14, 1946.

It should be noted that the Rules of Civil Procedure do not apply to condemnation proceedings, except insofar as appeals are concerned. Rule 81(a) (7), Federal Rules of Civil Procedure, 28 U.S.C.A. Thus Rules 25 and 19 are inapplicable to the present situation. Rule 6(c) providing that the expiration of a term of court in no way affects the power of a court to do any act or take any proceedings in any civil action which has been pending before it, is also inapplicable.

■ . The rule applicable is a rule concerning terms of court as stated by Justice Hughes in United States v. Mayer, 235 U.S. 55, at page 67, 35 S.Ct. 16, at page 19, 59 L.Ed. 129:

"In the absence of statute providing otherwise, the general principle obtains that a court cannot set aside or alter its final judgment after the expiration of the term at which it was entered, unless the proceeding for that purpose was begun during that term. * * * There are certain exceptions. In the case of courts of common law,—and we are not here concerned with the special grounds upon which courts of equity afford relief,—the court at a subsequent term has power to correct inaccuracies in mere matters of form, or clerical errors, and, in civil cases, to rectify such mistakes of fact as were reviewable on writs of error coram nobis, or coram vobis, for which the proceeding by motion is the modern substitute. * * * These writs were available to bring before the court that pronounced the judgment errors in matters of fact which had not been put in issue or passed upon, and were material to the validity and regularity of the legal proceeding itself; as where the defendant, being under age, appeared by attorney, or the plaintiff or defendant was a married woman at the time of commencing the suit, or died before verdict or interlocutory judgment,—for, it was said, 'error in fact is not the error of the judges, and reversing it is not reversing their own judgment.' So, if there were error in the process, or through the default of the clerks, the same proceeding might be had to procure a reversal. But if the error were 'in the judgment itself, and not in the process,' a writ

of error did not lie in the same court upon the judgment, but only in another and superior court. * * * In criminal cases, however, error would lie in the King's bench whether the error was in fact or law. * * * The errors of law which were thus subject to examination were only those disclosed by the record; and, as the record was so drawn up that it did not show errors in the reception or rejection of evidence, or misdirections by the judge, the remedy applied 'only to that very small number of legal questions' which concerned 'the regularity of the proceedings themselves.' * * * In view of the statutory and limited jurisdiction of the Federal district courts, and of the specific provisions for the review of their judgments on writ of error, there would appear to be no basis for the conclusion that, after the term, these courts in common-law actions, whether civil or criminal, can set aside or modify their final judgments for errors of law; * * *. This jursidiction was of limited scope; the power of the court thus to vacate its judgments for errors of fact existed, as already stated, in those cases where the errors were of the most fundamental character; that is, such as rendered the proceeding itself irregular and invalid. In cases of prejudicial misconduct in the course of the trial, the misbehavior or partiality of jurors, and newly discovered evidence, as well as where it is sought to have the court in which the case was tried reconsider its rulings, the remedy is by a motion for a new trial (Judicial Code, § 269), —an application which is addressed to the sound discretion of the trial court, and, in accordance with the established principles which have been repeatedly set forth in the decisions of this court above cited, cannot be entertained, in the absence of a different statutory rule, after the expiration of the term at which the judgment was entered."

Failure to bring by lawful process, before the Court, the owner of a tract sought to be condemned to the use of the United States, in which there was no service by publication (and there was none in this case), would be an error concerning "the regularity of the proceedings themselves" "of the most fundamental character; that is, such as rendered the proceeding itself irregular and invalid" as stated by Justice Hughes. But in this case the owners of the condemned property at the time of condemnation, were duly served with process.

The Court in Danforth v. United States, 308 U.S. 271, 60 S.Ct. 231, 236, 84 L.Ed. 240, said:

"For the reason that compensation is due at the time of taking, the owner at that time, not the owner at an earlier or later date, receives payment."

In Roberts v. Northern Pacific Railroad, Co., 158 U.S. 1, 10, 15 S.Ct. 756, 758, 39 L. Ed. 873, the rule is stated as follows:

"It is well settled that where a railroad company, having the power of eminent domain, has entered into actual possession of land necessary for its corporate purposes, whether with or without the consent of the owner of such lands, a subsequent vendee of the latter takes the land subject to the burden of the railroad; and the right to payment from the railroad company if it entered by virtue of an agreement to pay, or to damages if the entry was unauthorized, belongs to the owner at the time the railroad company took possession."

■ In the case at bar, the owner at the time of condemnation had notice. He appeared. The United States bargained with him, he accepted $3.00 as just compensation for the land, and by an order of this Court filed October 16, 1946, the Court held that the sum of $3.00 was full and just compensation for the taking. Two years have passed between the entering of that order and the present petition; two terms of Court expired between the decision and judgment, and the petition for annulment of decree and reopening of case.

The Court is without jurisdiction to reopen this case. United States v. Mayer, 235 U.S. 55, 35 S.Ct. 16, 59 L.Ed. 129.

The petition for annulment of decree and reopening of the case is Denied.